UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| STEVEN TUGGLE | ) |
|       Plaintiff | ) |
| v. | ) |
| PORTLAND POLICE DEPARTMENT | ) |
| and | )    2:15-CV- |
| PPD CHIEF MICHAEL SAUSCHUCK | ) |
| and | ) |
| OFFICER (First Name) MACDONALD | ) |
| and | ) |
| OFFICER (First Name) AMES | ) |
| and | ) |
| OFFICER ERIC JOHNSON | ) |
|       Defendants | ) |

COMPLAINT

**NOW COMES** the Plaintiff by and through his attorneys, William Bly, Esq. and Chris Nielsen, Esq., and complains against the Defendants and shows to this Court and respectfully alleges as follows:

THE PARTIES

1. Plaintiff, Steven Tuggle (Tuggle) is a natural person who resides at 6 Miranda Circle, Town of Saco, County of York, State of Maine.

2. Defendant Chief Michael Sauschuck (Chief Sauschuck) is and was at all times relevant to this matter employed by the City of Portland as its Police Chief.

3. Defendant Officer (First Name) MacDonald is and was at all times relevant to this matter employed by the City of Portland through the PPD located in Portland, County of Cumberland, State of Maine.

4. Defendant Officer (First Name) Ames is and was at all times relevant to this matter employed by the City of Portland through the PPD located in Portland, County of Cumberland and State of Maine.

5. Defendant Officer Eric Johnson is and was at all times relevant to this matter employed by the City of Portland through the PPD located in Portland, County of Cumberland and State of Maine.

FACTS

6. During the evening of February 25, 2013, Tuggle, his girlfriend, Virginia Sylvain (Virginia), and her brother Colby Sylvain (Colby) attended an employee gathering at Rivalries in Portland.

7. At this time, Tuggle was a professional chef and part owner at Taco Escobar in downtown Portland.

8. At 9:00 PM on February 25, 2013, Tuggle, Virginia, and Colby were walking home towards Sherman Street.

9. At 8 Sherman Street, a verbal altercation broke out between Virginia and Colby. Tuggle stood on the porch at 8 Sherman Street.

10. The verbal altercation brought the attention of onlookers, who called the Portland Police Department (hereinafter PPD).

11. Two PPD cruisers arrived with three Portland Police Officers, later identified as Officers MacDonald, Ames, and Johnson.

12. Two of the PPD Officers threw or pushed Virginia to the ground.

13. Tuggle approached Officer Johnson, who was restraining Virginia.

14. When Tuggle was within four feet of Officer Johnson, he said to the officer "You don't have to do that, she's only 130 pounds dripping wet," referring to Virginia.

15. Officer Johnson responded by yelling at him to get away and pushed him aggressively. Officer Johnson followed up with a closed-fisted punch to the left side of Tuggle's face.

16. From the blow to his face, Tuggle stumbled backwards a few steps.

17. Tuggle was then tackled to the ground by Officer Johnson and held down by Officers MacDonald and Ames, with the Officers' knees or elbows pressing against the back of Tuggle's head and body.

18. Tuggle was subjected to repeated elbow strikes into his ribcage as he was handcuffed by Officer Johnson.

19. At no point in this incident did Tuggle resist the Officers' use of force.

20. During this incident, Tuggle heard onlookers yell out "stop hitting him!" and "Police Brutality!"

21. Leading Tuggle to one of the cruisers, Officer Johnson shoved Tuggle backwards, causing him to hit his head on the metal door frame of the cruiser.

22. Officer Johnson became visibly frustrated with Tuggle's attempts to assert his rights and ask questions. In response, Officer Johnson slammed the cruiser door onto Tuggle's legs.

23. While in the back seat of the cruiser with his hands cuffed behind him, Tuggle complained of back pain.

24. This occurred while the Tuggle and the PPD officers were on scene in front of 8 Sherman Street in Portland. When Tuggle complained of the pain he was taken from the cruiser, with his hands still cuffed tightly behind his back, the PPD officers placed a C-Collar on his neck, stood the backboard on end, and transported Tuggle to Maine Medical Center on the backboard with Tuggle's hands still tightly cuffed behind his back, with the weight of his body on them. Sometime after arrival at the hospital and after multiple requests, Tuggle's hands were eventually cuffed in the front.

25. Then Tuggle asked for the handcuffs to be removed, and his request was denied. The handcuffs were extremely tight on Tuggle's wrists, and caused nerve damage to his left hand and wrist.

26. After Tuggle was examined at Maine Medical Center, he was brought to the station to be processed.

27. After posting bail, Tuggle was seen at the Maine Medical Center Emergency Room and was treated for fractured ribs among other injuries.

28. Tuggle was charged with Refusing to Submit to Arrest, which was dismissed by the District Attorney's Office on June 12, 2013, as the charge was baseless.

29. As of this date, Tuggle continues to experience the effects of nerve damage to his left hand and wrist.

## COUNT I
## ASSAULT & BATTERY

30. Plaintiff Tuggle repeats and re-alleges paragraphs 1-29 above as paragraphs 1-29 of Count I as if fully set forth herein.

31. Defendants Officers MacDonald, Ames, and Johnson are, and at all times mentioned in this Complaint were, employed by the PPD.

32. As stated in paragraphs 14 through 26, Defendants Officers MacDonald, Ames, and Johnson used excessive force on Plaintiff Tuggle which constituted an Assault & Battery from which he suffered injuries, as stated in paragraphs 15 through 29.

33. Plaintiff Tuggle seeks punitive damages in addition to damages for the mental, emotional and physical suffering caused by the Defendants' acts, for Plaintiff Tuggle's medical expenses and costs, for any continuing and ongoing medical expenses of any kind and nature, damages for any lost wages and for any future pain and suffering which may result to Plaintiff Tuggle.

## COUNT II
## 42 U.S.C. § 1983
## Defendants MacDonald, Ames, and Johnson

34. Plaintiff Tuggle repeats and re-alleges paragraphs 1-29 above as paragraphs 1-33 of Count II as if fully set forth herein.

35. Defendants MacDonald, Ames, and Johnson at all times relevant to this matter acted under color of the laws of the State of Maine.

36. Defendants MacDonald, Ames, and Johnson's actions as stated in paragraphs 14 through 26 was an excessive use of force in violation of clearly established rights guaranteed to Plaintiff Tuggle by Article 1, Section 5 of the Maine Constitution and by the Fourth Amendment to the United States Constitution.

37. As a direct result of Defendants MacDonald, Ames, and Johnson's excessive use of force in violation of Plaintiff Tuggle's Constitutional rights, as aforesaid, Plaintiff Tuggle has suffered injuries, as stated in paragraphs 15 through 29.

PPD/ Chief Sauschuck

38. Defendant Chief Sauschuck is the employer of Defendants MacDonald, Ames, and Johnson and sets the policies and procedures for the training of the PPD Officers.

39. Defendants MacDonald, Ames, and Johnson were inadequately trained, supervised and /or disciplined in the use of force when handling arrestees of the PPD.

40. Defendants MacDonald, Ames, and Johnson's inadequate training, supervision and /or discipline in the use of force when handling arrestees directly resulted in the violation of clearly established rights guaranteed to Plaintiff Tuggle by Fourth Amendment to the United States Constitution.

41. As a direct result of the violation of Plaintiff Tuggle's Constitutional rights, as aforesaid, Plaintiff Tuggle has suffered injuries, as stated in paragraphs 27 through 29.

42. Furthermore, PPD Chief Sauschuck is the final policy maker for the PPD in the substantive area of its policies and procedures, including the use of force on arrestees.

43. Defendants MacDonald, Ames, and Johnson's actions pursuant to the policies, customs and/or procedures of the PPD, i.e., the use of force on arrestees, directly resulted in the violation of clearly established rights guaranteed to Plaintiff Tuggle by the Fourth Amendment to the United States Constitution.

44. As a direct result of the violation of Plaintiff Tuggle's Constitutional rights, as aforesaid, Plaintiff Tuggle has suffered injuries, as stated in paragraphs 15 through 29.

45. Plaintiff Tuggle seeks punitive damages in addition to damages for the mental, emotional and physical suffering caused by the Defendants' acts, for Plaintiff Tuggle's medical expenses and costs, for any continuing and ongoing medical expenses of any kind and nature, damages for any lost wages and for any future pain and suffering which may result to Plaintiff Tuggle.

COUNT III
5 M.R.S.A. § 4682
Officers MacDonald, Ames, and Johnson

46. Plaintiff Tuggle repeats and re-alleges paragraphs 1-29 above as paragraphs 1-45 of Count III as if fully set forth herein.

47. Defendants MacDonald, Ames, and Johnson at all times relevant to this matter acted under color of the laws of the State of Maine.

48. Defendants MacDonald, Ames, and Johnson's actions as stated in paragraphs 14 through 26 was an excessive use of force in violation of clearly established rights guaranteed to Plaintiff Tuggle by Article 1, Section 5 of the Maine Constitution and by the Fourth Amendment to the United States Constitution.

49. As a direct result of Defendants MacDonald, Ames, and Johnson's excessive use of force in violation of Plaintiff Tuggle's Constitutional rights, as aforesaid, Plaintiff Tuggle has suffered injuries, as stated in paragraphs 15 through 29.

### PPD/ Chief Sauschuck

50. Defendant Chief Sauschuck is the employer of Defendants MacDonald, Ames, and Johnson and sets the policies and procedures for the training of the PPD Officers.

51. Defendants MacDonald, Ames, and Johnson were inadequately trained, supervised and /or disciplined in the use of force when handling arrestees of the PPD.

52. Defendants MacDonald, Ames, and Johnson's inadequate training, supervision and /or discipline in the use of force when handling arrestees directly resulted in the violation of clearly established rights guaranteed to Plaintiff Tuggle by Fourth Amendment to the United States Constitution.

53. As a direct result of the violation of Plaintiff Tuggle's Constitutional rights, as aforesaid, Plaintiff Tuggle has suffered injuries, as stated in paragraphs 15 through 29.

54. Furthermore, PPD Chief Sauschuck is the final policy maker for the PPD in the substantive area of its policies and procedures, including the use of force on arrestees.

55. Defendants MacDonald, Ames, and Johnson's actions pursuant to the policies, customs and/or procedures of the PPD, i.e., the use of force on arrestees, directly resulted in the violation of clearly established rights guaranteed to Plaintiff Tuggle by the Fourth Amendment to the United States Constitution.

56. As a direct result of the violation of Plaintiff Tuggle's Constitutional rights, as aforesaid, Plaintiff Tuggle has suffered injuries, as stated in paragraphs 15 through 29.

57. Plaintiff Tuggle seeks punitive damages in addition to damages for the mental, emotional and physical suffering caused by the Defendants' acts, for Plaintiff Tuggle's medical expenses and costs, for any continuing and ongoing medical expenses of any kind and nature, damages for any lost wages and for any future pain and suffering which may result to Plaintiff Tuggle.

**WHEREFORE**, Plaintiff demands a trial by jury and requests the following relief:

1. That a judgment be entered in favor of Tuggle and against Officers Macdonald, Ames, and Johnson for the relief sought in Count I.

2. That a judgment be entered in favor of Tuggle and against the PPD, Chief Sauschuck, and Officers MacDonald, Ames, and Johnson for the relief sought in Count II.

3. That a judgment be entered in favor of Tuggle and against the PPD, Chief Sauschuck, and Officers MacDonald, Ames, and Johnson for the relief sought in Count III.

4. For compensatory damages including but not limited to; past, present and future medical expenses, lost wages and pain and suffering.

5. For an award of punitive damages for the various counts of the complaint.

6. For an award of attorney fees for the relief sought in the various counts of the complaint.

7. For an award of prejudgment interest for the earliest possible date.

8. Any such other and further relief as the Court considers just and proper.

Dated at Biddeford, Maine this 22nd day of February 2015.


  /s/ William T. Bly
William T. Bly, Esq.
Attorney for the Plaintiff

The Law Office of William T. Bly
P.O. Box 1871
Biddeford, ME  04005-0351
(207) 571-8146